NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
WILLIE THOMAS SIMMS,                :
                                    :    Civil Action No. 12-5012
                                         (RMB)
           Petitioner,              :
                                    :
           v.                       :    **MEMORANDUM OPINION & ORDER**
                                    :
J.T. SHARTLE,                       :
                                    :
           Respondent.              :
_____:

This matter comes before this Court upon Petitioner's filing of his amended pleading, and it appearing that:

1.  Petitioner's original pleading (which arrived unaccompanied by his filing fee or in forma pauperis application) was a 140-page submission and asserted various challenges. See see Docket Entries Nos. 1, 1-1 and 2. The Court, therefore, denied Petitioner in forma pauperis status and, pursuant to Habeas Rule 2(d), directed re-pleading. See Docket Entries Nos. 2 and 6, 7. In conjunction with the foregoing, the Court explained to Petitioner that: (a) his habeas challenges had to be exhausted administratively; and (b) his civil rights claims asserting denial of access to the courts, tampering with legal mail, retaliation, and other claims could be raised only in a civil complaint filed in a separate matter. See Docket Entry No. 6 (relying on

<u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004, and <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002)).  In response, Petitioner submitted his filing fee and his amended pleading.  <u>See</u> Docket Entry No. 7 and Docket Entry dated 8/17/2012.

2. Petitioner's amended pleading suggests that his challenges might have been duly exhausted at all three levels of the Bureau of Prisons ("BOP"), although it is unclear whether the last step (exhaustion with the BOP Central Office) was duly taken.  For the purposes of the analysis at hand, the Court presumes, without making a factual finding to that effect, that Petitioner's challenges were properly exhausted administratively.

3. The facts underlying Petitioner's challenges are not totally clear.  The best this Court could surmise, it appears that Petitioner – being a federal prisoner – had been, at some point in time, admitted to the BOP's Residential Drug Abuse Treatment Program ("RDAP").  <u>See</u>, <u>generally</u> Docket Entries Nos. 1, 4 and 7.  It also appears that Petitioner formed certain negative perceptions of the RDAP, its administering staff and its benefits.  <u>See</u> <u>id.</u>  Petitioner shared these negative perceptions with his in-prison mentor, detailed these perceptions in his emails to his girlfriend (indicating that he was inclining to serve his full prison

2

     term instead of attempting to complete the RDAP so to obtain the sentence-reduction incentive allowed under the RDAP) and, in addition, expressed these negative perceptions in a grievance form which he left in public view in the prison library. See id. Apparently, Petitioner's negative perceptions of the RDAP were noted by his prison officials and the prison's psychiatrist, and Petitioner was directed to confront his negative perceptions by discussing them during a RDAP group meeting with the inmates of his RDAP group. See id. Petitioner, however, refused. Upon his refusal, the entire Petitioner's RDAP group was informed that its completion of the RDAP requirements might be delayed as a sanction for Petitioner's refusal to confront his negative perceptions. See id. Petitioner remained adamant and was expelled from the program; no sanction of any kind was applied to the remainder of his RDAP group. See id. Thus, Petitioner became ineligible for the sentence reduction allowed to those who successfully complete their RDAP requirements. See id. See id. Petitioner expended considerable efforts attempting to re-enroll into the RDAP, but his requests were denied. See id. The instant matter followed.

4. In addition to a habeas claim, Petitioner's amended pleading re-raises multiple civil rights challenges (asserting denial

of access to the courts, tampering with legal mail, retaliation, etc.). The Court is without jurisdiction to entertain these challenges in the instant action: as the Court already explained, such claims should be raised in a civil complaint filed in a separate matter.[1]  See Muhammad, 540 U.S. at 750; Leamer, 288 F.3d at 542. Therefore, these challenges will be dismissed without prejudice.

5. Petitioner's habeas challenge appears to be limited to the claim that the BOP violated his due process and/or equal protection rights by expelling him from the RDAP (and denying him re-enrollment) on the basis of his expressed negative perceptions about the program, its staff and its benefits. If such challenges were intended, they are without merit.

6. In the prison context, the Due Process Clause operates only where a prison action has "implicated or infringed" upon a prisoner's "liberty interest." Meachum v. Fano, 427 U.S. 215, 223 (1976). However, it is well established that "inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early

---

[1] Petitioner also asserts ethical violations by the prison staff: he believes that the prison officials and the psychiatrist committed such violations by allowing other inmates access to the grievance Petitioner left in public view in the library and by disclosing to other inmates the negative perceptions Petitioner shared with his in-prison mentor and Petitioner's girlfriend. However, ethical violations cannot form a viable basis for either civil rights or habeas claims.

release benefit." Reeb v. Thomas, 636 F.3d 1224, 1229 n.4 (9th Cir. 2012); see also Moody v. Daggett, 429 U.S. 78, 88 (1976) (federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence); accord Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979) (same); Richardson v. Joslin, 501 F.3d 415, 419 (5th Cir. 2007) ("The Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP"). "The BOP has plenary control, subject to statutory constraints, over 'the place of a prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." Tapia v. United States, 131 S. Ct. 2382, 2390-91 (2011). Therefore, "[t]here is nothing in the statutory mandate for residential drug treatment that gives rise to a protected interest in remaining in a RDAP group," Roberts v. Feather, 2012 U.S. Dist. LEXIS 180680, at *10 (D. Or. Dec. 18, 2012) (citing Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011)), since the opportunity to obtain a reduced sentence by participating in the RDAP is, ab initio, not a "fundamental right." Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998).

5

7.  That leaves the Court only with Petitioner's equal protection challenge. To assert an equal protection claim triggering strict scrutiny analysis, Petitioner must allege that the law or regulation, or a certain governmental decision intentionally discriminates against him based on his membership in a protected suspect class. See, e.g., King v. Caruso, 542 F. Supp. 2d 703, 727 (E.D. Mich. 2008) (citing Henry v. Metro. Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990)).  Prisoners, however, are not considered members of a protected class. See Jackson v. Jamrog, 411 F.3d 615, 619 (6th Cir. 2005); see also Handley v. Chapman, 587 F.3d 273, 280 & n.5 (5th Cir. 2009) (prisoners do not constitute a "suspect class").  Absent Petitioner's membership in a suspect class, a classification scheme will be upheld if it is rationally related to a legitimate state interest.[2]  See City of New Orleans v. Dukes, 427 U.S. 297 (1976); Rublee, 160 F.3d at 217.  Where a rational-basis review is appropriate, a litigant may prevail only by negating "any reasonably conceivable state of facts that could provide a rational basis for the classification" made by the BOP's

---

[2] Petitioner is an African-American. See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=84193-054&x=131&y=31>>.  However, no statement in his original or amended pleading indicates that his expulsion from the RDAP was race-based, and that other African-American inmates held in his prison facility or participating in his RDAP group were prevented from enrollment or expelled on the basis of their race.

exclusionary action.  <u>Bd. of Trustees of the Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 367 (2001) (citation and internal quotation marks omitted).  Here, Petitioner failed to meet this burden.  Nothing in his original or amended pleading establishes that his expulsion or denial of his request for re-enrolment was arbitrary, capricious or an abuse of the BOP's broad discretion.  <u>See</u> <u>Jupiter Energy Corp. v. F.E.R.C.</u>, 407 F.3d 346, 349 (5th Cir. 2005); <u>see also</u> <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983).  Moreover, Petitioner's pleadings themselves supply the Court with a set of facts warranting classification: (a) Petitioner expressed his negative perceptions about the RDAP, its staff and its benefits; (b) these perceptions entered the public domain of the general prison population and the inmates participating in the RDAP; (c) the perceptions were harmful to the administration and goal of the program; and (d) Petitioner refused to face his errors and to engage the affected inmates in a public discussion of these errors.  Therefore, the BOP's decision to expel Petitioner and to deny his request for re-enrollment was rationally related to a legitimate penological interest.  Correspondingly, Petitioner's due process and equal protection claims discernable from his amended pleading fail to state a cognizable claim.  However,

7

out of abundance of caution and taking notice of the convoluted nature of Petitioner's allegations, the Court finds it warranted to allow him one final opportunity to re-plead his habeas claim.

IT IS, therefore, on this **12th** day of **March 2013**,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's amended pleading, Docket Entry No. 7, is dismissed; and it is further

**ORDERED** that Petitioner's civil rights challenges are dismissed for lack of jurisdiction without prejudice to Petitioner's raising these challenges by means of a civil complaint submitted in a new and separate civil matter; and it is further

**ORDERED** that Petitioner's habeas challenge is dismissed without prejudice to Petitioner's filing of his second amended petition, stating only his habeas claim, if any, that is cognizable in light of the guidance provided herein; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, subject to reopening in the event Petitioner submits,

within sixty days from the date of entry of this Memorandum Opinion and Order, his second amended petition; and it is further

**ORDERED** that administrative termination is not a dismissal on merits, and no statement in this Memorandum Opinion and Order shall be construed as withdrawal of the Court's jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular mail; and it is finally

**ORDERED** that the Clerk shall enter a new and separate entry on the docket reading "CIVIL CASE TERMINATED."

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**